# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JUAN GOITIA, and<br>908 BRIDGE COOPERATIVE,<br><br>　　　　Defendants. | CASE NO.: |

## COMPLAINT

For its Complaint, the United States of America alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), as amended, 42 U.S.C. §§ 3601, *et seq*.

2. The United States brings this action under 42 U.S.C. § 3612(o) on behalf of Molly Haan.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o)(1).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' claims occurred in the Southern District of Iowa, and Defendants reside or do business in the Southern District of Iowa.

## THE DEFENDANTS AND SUBJECT PROPERTY

5.  Defendant Juan Goitia is a resident of Davenport, Iowa ("Defendant Goitia" or "Mr. Goitia"). He serves as property manager for multiple residential rental properties in or around Davenport, Iowa, that are owned by Defendant 908 Bridge Cooperative.

6.  Defendant 908 Bridge Cooperative is an Iowa corporation, formed in 2011, whose principal place of business is in and around the city of Davenport, Iowa. Defendant Goitia is the sole shareholder and only officer of 908 Bridge Cooperative.

7.  Defendant 908 Bridge Cooperative owns and operates at least nine (9) multifamily residential rental properties in Davenport, Iowa, including the property located at 1011 Bridge Avenue (the "subject property").

8.  At all times relevant to this action, Defendants 908 Bridge Cooperative and Goitia owned and managed the subject property.

9.  The rental units at the subject property are "dwellings" within the meaning of the Fair Housing Act ("FHA") (42 U.S.C. § 3602(b)).

## FACTUAL ALLEGATIONS

10. At all times relevant to this action, Defendant Goitia performed management duties at the subject property including, but not limited to, advertising vacancies, selecting tenants, setting rates for rent and security deposits, collecting rent, accepting requests for repairs, making repairs, and evicting tenants.

11. At all times relevant to the action, Defendant 908 Bridge Cooperative engaged Defendant Goitia to act as its agent to manage the subject property and provided him with the actual or apparent authority to perform management functions related to the subject property, such as receiving applications for tenancy; selecting tenants; binding tenants to landlord/tenant contracts by signing leases; using keys to access tenants' housing; collecting rents and fees;

2

making repairs in tenants' housing; and initiating eviction proceedings against tenants or otherwise enforcing lease provisions.

12.   In March 2018, Molly Haan entered into a lease with Defendant 908 Bridge Cooperative, through its agent and owner, Defendant Goitia, to rent a unit in the subject property. Ms. Haan paid the first two months' rent, a security deposit, and a pet deposit when she signed the lease, and moved in shortly thereafter.

13.   From March through July 2018, Mr. Goitia subjected Ms. Haan to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment that included, but is not limited to:

  a. Repeatedly offering Ms. Haan massages, and stating that his massages focused on the breast, groin, and thigh areas;

  b. Repeatedly making unwelcome comments to Ms. Haan of a sexual nature, including remarks or questions about her sexual activity, such as commenting that "Irish girls are horny. I bet you get a lot," and asking her about her sexual experiences with her boyfriend;

  c. Propositioning Ms. Haan, including asking her if she has ever thought of "having something on the side;"

  d. Repeatedly knocking on Ms. Haan's door late at night and entering her apartment without permission and without justification, including when she was in the shower;

  e. Reaching his hand under Ms. Haan's skirt, without her consent, and touching her upper thigh;

  f. Entering Ms. Haan's unit, uninvited, and touching her vaginal area.

14. Ms. Haan repeatedly rejected Mr. Goitia's advances and made clear that his conduct was unwelcome, including by posting signs inside and outside her apartment asking him to leave her alone and asking him not to enter her apartment.

15. On June 25, 2018, Ms. Haan filed a police report with the Davenport Police Department, providing a detailed accounting of Defendant Goitia's sexual harassment throughout her tenancy.

16. On June 28, 2018, Ms. Haan dual-filed a fair housing complaint against Defendant Goitia with the Davenport Civil Rights Commission and the United States Department of Housing and Urban Development based on his sexual harassment of her throughout her tenancy.

17. In fear for her safety, Ms. Haan stopped staying at her unit by the end of July 2018. She understood that Defendant Goitia had agreed that she could end her lease then.

18. Despite Ms. Haan having paid a portion of her August rent, on or around August 3, 2018—after Defendant Goitia had received notice of Ms. Haan's fair housing complaint—he issued Ms. Haan a "Notice to Cure or Quit."

19. Ms. Haan filed a Petition for Relief from Sexual Abuse, in which she described Goitia's assaults, and on August 6, 2018, Scott County Courts in Iowa issued a "Temporary Sexual Abuse Protective Order" against Defendant Goitia.

20. Defendant Goitia never returned Ms. Haan's security deposit.

21. The discriminatory housing practices of Defendant Goitia, as described above in paragraphs 12-20, occurred within the scope of his agency relationship with Defendant 908 Bridge Cooperative, or were aided by the existence of that agency relationship.

22.     The above-described actions and conduct of Defendants Goitia and 908 Bridge Cooperative caused Ms. Haan to suffer physical harm, fear, anxiety, and emotional distress, and inhibited her ability to secure housing for herself.

## HUD ADMINISTRATIVE PROCESS

23.     As noted in paragraph 16, on or around June 28, 2018, Ms. Haan dual-filed a timely Fair Housing Complaint against Defendant Goitia and 908 Bridge Cooperative with the United States Department of Housing and Urban Development ("HUD") and the Davenport Civil Rights Commission.

24.     Pursuant to 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based upon the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Defendants violated the Fair Housing Act. Therefore, on May 29, 2020, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the above-named Defendants with engaging in discriminatory housing practices on the basis of sex.

25.     On May 29, 2020, Ms. Haan elected to have the claims asserted in the HUD Charge resolved in a civil action pursuant to 42 U.S.C. § 3612(a). On June 2, 2020, the Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on Ms. Haan's complaint.

26.     Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

## CAUSE OF ACTION

27. Plaintiff realleges and incorporates by reference herein the allegations described above.

28. By the actions and statements described above, the defendants have:

 a. Denied housing or otherwise made housing unavailable because of Ms. Haan's sex, in violation of 42 U.S.C. § 3604(a);

 b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of Ms. Haan's sex, in violation of 42 U.S.C. § 3604(b);

 c. Made statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

 d. Coerced, intimidated, threatened, or interfered with Ms. Haan in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted or protected by Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

29. Ms. Haan is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and has suffered damages as a result of the Defendants' discriminatory conduct.

30. The Defendants' discriminatory conduct was intentional, willful, and taken in reckless disregard of the rights of Ms. Haan.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an order that:

31.     Declares that the Defendants' actions, policies, and practices, as alleged herein, violate the FHA;

32.     Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

    a.   Engaging in discrimination on the basis of sex in any aspect of the rental or lease of a dwelling;

    b.   Engaging in discrimination on the basis of sex in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith;

    c.   Making statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex;

    d.   Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Section 804 of the Fair Housing Act;

    e.   Failing or refusing to take such affirmative steps as may be necessary to restore Ms. Haan, as nearly as practicable, to the position she would have been in but for the discriminatory conduct; and

    f.   Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to

eliminate, to the extent practicable, the effects of the Defendants' unlawful housing practices; and

33.     Awards monetary damages to Ms. Haan in accordance with 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

34.     The United States further prays for such additional relief as the interests of justice may require.

Dated: June 29, 2020

Respectfully submitted,

|  |  |
|---|---|
|  | WILLIAM P. BARR<br>Attorney General |
| MARC KRICKBAUM<br>United States Attorney<br>Southern District of Iowa | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
|  | SAMEENA SHINA MAJEED<br>Chief |
| /s/ William Purdy<br>WILLIAM PURDY<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>U.S. Courthouse Annex, Suite 286<br>110 E. Court Avenue<br>Des Moines, Iowa 50309<br>Telephone: (515) 473-9315<br>Facsimile: (515) 473-9282<br>Email: bill.purdy@usdoj.gov | /s/ Orly May<br>CATHERINE BENDOR<br>Deputy Chief<br>ORLY MAY<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE, Room 6.1618<br>Washington, DC  20530<br>Phone: (202) 598-6585<br>Fax: (202) 514-1116<br>E-mail: orly.may@usdoj.gov |

Attorneys for Plaintiff
United States of America