**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>JUAN GOITIA, and<br>908 BRIDGE COOPERATIVE,<br><br>       Defendants. | CASE NO.: 3:20-cv-000056 |

## **FIRST AMENDED COMPLAINT**

    For its Complaint, the United States of America alleges as follows:

    1.    The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), as amended, 42 U.S.C. §§ 3601, *et seq*.

    2.    The United States brings this action under 42 U.S.C. § 3612(o) on behalf of Molly Haan, and under 42 U.S.C. § 3614(a).

## **JURISDICTION AND VENUE**

    3.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o)(1) and 3614(a).

    4.    Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' claims occurred in the Southern District of Iowa, and Defendants reside or do business in the Southern District of Iowa.

## THE DEFENDANTS AND SUBJECT PROPERTIES

5. Defendant Juan Goitia is a resident of Davenport, Iowa ("Defendant Goitia"). He serves as property manager for multiple residential rental properties in or around Davenport, Iowa. The majority of the properties that Defendant Goitia manages are owned by Defendant 908 Bridge Cooperative.

6. Defendant 908 Bridge Cooperative is an Iowa corporation, formed in 2011, whose principal place of business is in and around the city of Davenport, Iowa. Defendant Goitia is the sole shareholder and only officer of 908 Bridge Cooperative.

7. Defendant 908 Bridge Cooperative owns and operates at least ten (10) multifamily residential rental properties in Davenport, Iowa, including the property located at 1011 Bridge Avenue.

8. In or around 2011, Defendant Goitia also managed a property located at 1518 Brady Street that was not owned by Defendant 908 Bridge Cooperative.

9. In addition to these eleven (11) properties (the "subject properties"), Defendants 908 Bridge Cooperative and Goitia may own and/or manage other residential rental properties in or around Davenport, Iowa.

10. At the times relevant to this action, Defendants 908 Bridge Cooperative and Goitia have owned and/or managed the subject properties.

11. The rental units at the subject properties are "dwellings" within the meaning of the Fair Housing Act ("FHA") (42 U.S.C. § 3602(b)).

## FACTUAL ALLEGATIONS

12. At all times relevant to this action, Defendant Goitia performed management duties related to the subject properties including, but not limited to, advertising vacancies, selecting tenants, setting rates for rent and security deposits, collecting rent, accepting requests

for repairs, making repairs, and evicting tenants.

13. At all times relevant to the action, Defendant 908 Bridge Cooperative engaged Defendant Goitia to act as its agent to manage the subject properties it owned and provided him with the actual or apparent authority to perform management functions related to the subject properties, such as receiving applications for tenancy; selecting tenants; binding tenants to landlord/tenant contracts by signing leases; using keys to access tenants' housing; collecting rents and fees; making repairs in tenants' housing; and initiating eviction proceedings against tenants or otherwise enforcing lease provisions.

14. In March 2018, Molly Haan entered into a lease with Defendant 908 Bridge Cooperative, through its agent and owner, Defendant Goitia, to rent a unit at 1011 Bridge Avenue. Ms. Haan paid the first two months' rent, a security deposit, and a pet deposit when she signed the lease, and moved in shortly thereafter.

15. From March through July 2018, Defendant Goitia subjected Ms. Haan to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment that included, but is not limited to:

   a. Repeatedly offering Ms. Haan massages, and stating that his massages focused on the breast, groin, and thigh areas;

   b. Repeatedly making unwelcome comments to Ms. Haan of a sexual nature, including remarks or questions about her sexual activity, such as commenting that "Irish girls are horny. I bet you get a lot," and asking her about her sexual experiences with her boyfriend;

   c. Propositioning Ms. Haan, including asking her if she has ever thought of "having something on the side;"

     d. Repeatedly knocking on Ms. Haan's door late at night and entering her apartment without permission and without justification, including when she was in the shower;

     e. Reaching his hand under Ms. Haan's skirt, without her consent, and touching her upper thigh;

     f. Entering Ms. Haan's unit, uninvited, and touching her vaginal area.

16. Ms. Haan repeatedly rejected Defendant Goitia's advances and made clear that his conduct was unwelcome, including by posting signs inside and outside her apartment asking him to leave her alone and asking him not to enter her apartment.

17. On June 25, 2018, Ms. Haan filed a police report with the Davenport Police Department describing Defendant Goitia's sexual harassment during her tenancy.

18. On June 28, 2018, Ms. Haan dual-filed a fair housing complaint against Defendant Goitia with the Davenport Civil Rights Commission and the United States Department of Housing and Urban Development based on his sexual harassment of her throughout her tenancy.

19. In fear for her safety, Ms. Haan stopped staying at her unit by the end of July 2018. She understood that Defendant Goitia had agreed that she could end her lease then.

20. Despite Ms. Haan having paid a portion of her August rent, on or around August 3, 2018—after Defendant Goitia had received notice of Ms. Haan's fair housing complaint—he issued Ms. Haan a "Notice to Cure or Quit."

21. Ms. Haan filed a Petition for Relief from Sexual Abuse, in which she described Defendant Goitia's assaults, and on August 6, 2018, Scott County Courts in Iowa issued a "Temporary Sexual Abuse Protective Order" against Defendant Goitia.

22. Defendant Goitia never returned Ms. Haan's security deposit.

23. The discriminatory housing practices of Defendant Goitia, as described above in paragraphs 12-20, occurred within the scope of his agency relationship with Defendant 908 Bridge Cooperative, or were aided by the existence of that agency relationship.

24. The above-described actions and conduct of Defendants Goitia and 908 Bridge Cooperative caused Ms. Haan to suffer physical harm, fear, anxiety, and emotional distress, and inhibited her ability to secure housing for herself.

25. Since at least 2010, Defendant Goitia has subjected female tenants of the residential rental properties he manages to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions. Such conduct has included, but is not limited to:

   a. Making sexually explicit comments to female tenants;

   b. Making unwelcome sexual advances to female tenants;

   c. Suggesting that female tenants exchange sexual favors for a reduction in rent;

   d. Asking or attempting to touch female tenants or touching female tenants without their consent;

   e. Making unannounced visits to female tenants' homes and entering the homes of female tenants without their consent;

   f. Touching or taking female tenants' undergarments when they are not home; and

   g. Retaliating against female tenants for refusing his advances or for complaining about his conduct, by taking adverse housing actions, such as terminating the tenancies of female tenants or strictly enforcing previously unenforced alleged apartment rules.

26. For example, in 2012, Defendant Goitia told a female tenant that he would be "really good for [her]," that her "bed looks comfortable" so they "should try it out," and that he had a dream where he "had his way with [her]." Defendant Goitia also exposed his penis to this female tenant and asked her if she "wanted it." After this tenant refused his advances, Defendant Goitia terminated her tenancy.

27. In addition, in 2015, Defendant Goitia told a female tenant that he was a licensed massage therapist in Florida and offered to massage her knee. Without waiting for the tenant's response, Defendant Goitia started to massage her knee and moved his hands up her thigh. Defendant Goitia then told her that his most requested massage was "in the groin and buttocks areas" because it was "the most relaxing." Over the next several months, Defendant Goitia repeatedly asked this tenant if he could continue the massage, which made the tenant very uncomfortable and concerned for her safety.

28. In 2018, Defendant Goitia repeatedly touched a female tenant without her permission, including touching her hips, her hair, and her rear, despite the fact that she told him that doing so was inappropriate. Defendant Goitia also regularly made inappropriate comments to this tenant about her physical appearance, hair, and clothing. Goitia's repeated touching and comments disturbed the tenant and made her feel uneasy and anxious.

29. These women's experiences were not isolated instances. Rather, these were part of Defendant Goitia's longstanding pattern or practice of illegal sexual harassment of female tenants.

**HUD ADMINISTRATIVE PROCESS**

30. As noted in paragraph 16, on or around June 28, 2018, Ms. Haan dual-filed a timely Fair Housing Complaint against Defendant Goitia and 908 Bridge Cooperative with the

United States Department of Housing and Urban Development ("HUD") and the Davenport Civil Rights Commission.

31. Pursuant to 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based upon the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Defendants violated the Fair Housing Act. Therefore, on May 29, 2020, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the above-named Defendants with engaging in discriminatory housing practices on the basis of sex.

32. On May 29, 2020, Ms. Haan elected to have the claims asserted in the HUD Charge resolved in a civil action pursuant to 42 U.S.C. § 3612(a). On June 2, 2020, the Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on Ms. Haan's complaint.

33. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

## COUNT I

34. Plaintiff realleges and incorporates by reference herein the allegations described above.

35. By the actions and statements described above, the defendants have:

    a. Denied housing or otherwise made housing unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

    b.     Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

    c.     Made statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

    d.     Coerced, intimidated, threatened, or interfered with female tenants in the exercise or enjoyment of, or on account of their having exercised or enjoyed, rights granted or protected by Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

36.     Ms. Haan is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and has suffered damages as a result of the Defendants' discriminatory conduct.

37.     The Defendants' discriminatory conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## **COUNT II**

38.     Plaintiff realleges and incorporates by reference herein the allegations described above.

39.     By the actions and statements referred to in the foregoing paragraphs, the defendants' conduct constitutes:

    a.     A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, and

    b.     A denial to a group of persons of rights granted by the Fair Housing Act that raises an issue of general public importance.

40. In addition to Ms. Haan, there are other "aggrieved persons" as defined in 42 U.S.C. § 3602(i), who have suffered damages as a result of Defendants' discriminatory conduct.

41. Defendants' discriminatory conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an order that:

42. Declares that the Defendants' actions, policies, and practices, as alleged herein, violate the FHA;

43. Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

   a. Engaging in discrimination on the basis of sex in any aspect of the rental or lease of a dwelling;

   b. Engaging in discrimination on the basis of sex in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith;

   c. Making statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex;

   d. Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Section 804 of the Fair Housing Act;

   e. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past

        unlawful practices to the position they would have been in but for the discriminatory conduct; and

    f.  Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the Defendants' unlawful housing practices; and

44.  Awards monetary damages to Ms. Haan in accordance with 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

45.  Awards monetary damages to each additional person aggrieved by the Defendants' discriminatory conduct, as authorized by 42 U.S.C. § 3614(d)(1)(B); and

46.  Assesses a civil penalty against the Defendants to vindicate the public interest, as authorized by 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3).

47.  The United States further prays for such additional relief as the interests of justice may require.

Dated: November 6, 2020

Respectfully submitted,

| | |
|---|---|
| MARC KRICKBAUM<br>United States Attorney<br>Southern District of Iowa | WILLIAM P. BARR<br>Attorney General<br><br>ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division<br><br>SAMEENA SHINA MAJEED<br>Chief |
| /s/ William Purdy<br>WILLIAM PURDY<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>U.S. Courthouse Annex, Suite 286<br>110 E. Court Avenue<br>Des Moines, Iowa 50309<br>Telephone: (515) 473-9315<br>Facsimile: (515) 473-9282<br>Email: bill.purdy@usdoj.gov | /s/ Orly May<br>CATHERINE A. BENDOR<br>Deputy Chief<br>ORLY MAY<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE, Room 6.1618<br>Washington, DC 20530<br>Phone: (202) 598-6585<br>Fax: (202) 514-1116<br>E-mail: orly.may@usdoj.gov |

Attorneys for Plaintiff
United States of America