# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20-cv-00056-RGE-HCA |
| | ) | |
| JUAN GOITIA and | ) | |
| 908 BRIDGE COOPERATIVE, | ) | |
| | ) | |
| Defendants. | ) | |

---

**CONSENT ORDER**

---

## I.    INTRODUCTION

This action was filed on June 29, 2020 by Plaintiff United States of America to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3631 ("Fair Housing Act," "FHA," or "the Act").  The United States amended its complaint to add an additional claim on November 6, 2020.

In its complaint, the United States alleges that Defendants Juan Goitia ("Goitia") and 908 Bridge Cooperative violated the FHA by discriminating against tenants on the basis of sex in the rental of dwellings in the City of Davenport, Iowa ("Subject Properties").  Specifically, as outlined in the Amended Complaint (ECF No. 7), the United States alleges that from at least 2010, Goitia, in his capacity as manager of the Subject Properties, has engaged in severe, pervasive, and unwelcome sexual harassment of and retaliation against multiple female tenants.

The United States alleges that Defendants' conduct constitutes a pattern or practice of resistance to the full enjoyment of rights granted by the FHA and a denial to a group of persons of rights granted by the FHA that raises an issue of general public importance.

Defendants deny all the allegations against them.

This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

Plaintiff United States and Defendants Juan Goitia and 908 Bridge Cooperative (collectively, "the Parties") have agreed that the claims against Defendants should be resolved without further litigation. Therefore, the Parties consent to the entry of this Consent Order (the "Order"), as shown by the signatures below.

**ACCORDINGLY, it is hereby ADJUDGED, ORDERED and DECREED:**

## II.    INJUNCTIVE RELIEF

### A.  Prohibition Against Discrimination and Retaliation Under the FHA

1.     Defendants, their officers, agents, employees, transferees, successors, heirs and assigns, and all other persons or entities in active concert or participation with them, are enjoined from:

   a.  Refusing to rent or sell a dwelling,[1] refusing or failing to provide or offer information about a dwelling, refusing to negotiate for the rental or sale of a dwelling, or otherwise making unavailable or denying a dwelling to any person because of sex;

---

[1] The term "dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

b. Discriminating against any person in the terms, conditions or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith, because of sex;

c. Making, printing, publishing, or causing to be made, printed, or published any notice, statement, or advertisement with respect to the rental of a dwelling unit that states any preference, limitation, or discrimination based on sex; or

d. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of her or his having exercised or enjoyed, or on account of her or his having aided and encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, including by retaliating against any person exercising her or his rights under this Order.

**B. <u>Prohibition Against Management of Residential Rental Properties and Contact with "Aggrieved Persons" and Corroborating Witnesses</u>**

2.      Starting ninety (90) days after the effective date of this Order, Defendant Goitia is permanently enjoined from entering the premises of any rental dwelling in which he has or acquires any direct or indirect ownership interest, financial interest, or control interest.  This includes, but is not limited to, the dwelling units (whether occupied or unoccupied), communal spaces, yards, parking areas, garages, and leasing offices.  If the Independent Manager (*see* Section III below) cannot respond in a timely manner to an emergency at any residential rental property that either Defendant owns and/or manages, it shall not be a violation of this provision for Defendant Goitia to enter the premises, if necessary to prevent loss or damage to the property or persons therein.  If Defendant Goitia enters the premises, Defendants will notify the United States in writing within 5 days.  Notification under this provision will include a description of the

3

emergency, Defendant Goitia's reason prior to entering the premises for believing he needed to do so, approximate beginning and end times Defendant Goitia was on the premises, and the actions he performed.

3.      Starting ninety (90) days after the effective date of this Order, for as long as Defendants own, lease, manage[2], or have control over any residential rental properties, all Property Management Responsibilities (*see* Paragraph 6, below) must be handled by an Independent Property Manager.  *See* Section III, below.

4.      Defendants have represented that they are in the process of selling their rental properties and intend to sell all remaining residential rental properties they own as soon as possible to fully divest from the residential rental property business.  Defendants sold 1011 Bridge Avenue, Davenport on January 14, 2022 and all of Defendants' remaining properties are for sale on the market.  If, by sixty (60) days from the effective date of this Order, Defendants have entered into one or more contracts to sell each of their remaining residential rental properties to a bona fide, independent third-party purchaser in an arms-length transaction, and Defendants provide counsel for the United States with a copy of the relevant contract(s) indicating that all of their remaining rental properties are under contract for sale, Defendants will have one hundred twenty (120) days from the effective date of this Order to comply with the provisions in Paragraphs 2, 3, and 7.

5.      Defendant Goitia shall be permanently prohibited from purposefully or knowingly engaging in contact or communications, either directly or indirectly, with (a) any Aggrieved Person identified by the United States in this action; or (b) any person the United States has identified to Defendants as a potential witness to the unlawful conduct alleged in this lawsuit.

---

[2] "Manage" includes providing *any* assistance with *any* property management responsibilities.

Defendant Goitia shall refrain from initiating any such contact or communication.  To the extent Defendants have a need to contact or communicate with current or prospective tenants about matters related to rental of property, any such contact or communication shall be made by or through the Independent Manager or his or her representative.  *See* Section III, below.  If Defendant Goitia is contacted by an individual who falls into categories (a) or (b) in this paragraph, he shall immediately terminate such contact and inform the Independent Manager of the contact in writing.  The Aggrieved Persons have indicated they have no intention of initiating any contact or communication with Defendant Goitia.

6.      "Contact or communications," as referred to in Paragraph 5, above, includes, but is not limited to, physical contact, oral communications (either direct or by telephone), e-mails, faxes, written communications, text or instant messages, contacts through social media, or other communications made through third parties.  "Property Management Responsibilities," as referred to herein, include showing or renting housing units; processing rental applications; selecting tenants or participating in the selection of tenants; performing or supervising repairs or maintenance; inspecting dwelling units; collecting rent and fees; entering rental units; overseeing any aspects of the rental process; or engaging in any other property-related activities that involve, or may involve, personal contact with tenants or prospective tenants.

### III.    RETENTION OF INDEPENDENT PROPERTY MANAGER

7.      Within ninety (90) days of the effective date of this Order, Defendants will retain an Independent Manager, to be approved in writing by the United States, to perform all Property Management Responsibilities as described in Paragraph 6, above, at any residential rental property that Defendants own, lease, or control, including subsequently-acquired properties as set forth in Section IV ("current or future rental properties").  An "Independent Manager" is an

individual or entity who is experienced in managing rental properties and has no current or past employment, financial, contractual, personal, or familial relationship with any Defendant in this action.

8.      If, after retaining an Independent Manager, Defendants wish to change the Independent Manager for any reason, they shall seek advance written approval from the United States.  Defendants shall not discontinue their arrangement with an Independent Manager and retain a different individual or entity to serve as Independent Manager prior to receiving the United States' approval.

9.      Defendants shall do the following in relation to any current or future rental properties:

a.      Implement, subject to the United States' approval, a written policy prohibiting housing discrimination, including sexual harassment and other forms of sex discrimination, as well as discrimination based on race, color, religion, national origin, familial status, or disability.  The policy shall include a formal complaint procedure that identifies and provides contact information for a person other than Defendants who will receive complaints.  A copy of this policy and procedure shall be provided to counsel for the United States within thirty (30) days of the effective date of this Order for any residential rental properties that either Defendant owns and/or manages, or later acquires as described in Section IV, within thirty (30) days of the purchase, lease, or assumption of control of any such property.  This policy and procedure will be implemented within five (5) days of notification from the United States to Defendants that the policy and procedure are satisfactory to the United States.  At that time, Defendants will provide all

current and future tenants with copies of the policy and procedure.  Within fifteen

(15) days of this directive, Defendants shall certify in writing to the United States

that the policy and procedure have been implemented and shall provide a list of

all tenants who have been notified in accordance with this paragraph.  If, at any

time during the effective period of this Order, Defendants wish to amend the

policy or procedure, Defendants shall seek approval of any change or amendment

to the policy or procedure from the United States prior to implementation of any

amended policy or procedure.

b.  Ensure that the Independent Manager's employees or representatives who will be

performing duties with respect to current or future rental properties are familiar

with the requirements of the FHA, particularly as they pertain to sexual

harassment and other forms of sex discrimination (including through the training

required by Section V), and this Order.

c.  Post and continue to display an "Equal Housing Opportunity" sign in any office

or location at which rental business pertaining to properties owned by any of the

Defendants is conducted and at which any current or prospective tenants could be

present.  The signs shall be posted within fifteen (15) days of entry of this Order,

and shall state that all dwellings are available for rent on a nondiscriminatory

basis.  An 11-inch by 14-inch poster that comports with 24 C.F.R. Part 110 will

satisfy the requirement for postings in offices and other confined spaces.

Defendants may use HUD Form 928, available at:

https://portal.hud.gov/hudportal/documents/huddoc?id=928.1.pdf.  Such posters

shall be placed in prominent, well-lit locations where they are easily readable.

d.  Require that all advertising conducted for any of the current or future properties in newspapers, telephone directories, radio, television, Internet websites, social media, or other media, and all billboards, signs (including at the properties), pamphlets, brochures, and other promotional literature, include either a fair housing logo, the words "equal housing opportunity provider," and/or the following sentences: "We are an equal opportunity housing provider.  We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, or disability."  The words or logo will be legible and prominently placed.

e.  Send to the United States within thirty (30) days of hiring the Independent Manager, and every six (6) months thereafter for the term of the Order, a list of all tenants at current or future properties and their addresses, in addition to complying with Paragraph 19 of this Order.

f.  Maintain all rental records kept in relation to rental of current and future rental properties and allow the United States to inspect and copy such records upon reasonable notice.

g.  Provide any information reasonably related to compliance with this Order that is requested by the United States.

## IV.   ACQUISITION OR TRANSFER OF INTEREST IN RESIDENTIAL RENTAL PROPERTIES

10.   If, between the time the Parties sign this agreement and the expiration date of this Order entered by the Court, Defendants acquire a direct or indirect management, ownership, financial, or controlling interest in any other residential rental property, such property will be subject to the applicable provisions of this Order.  Within thirty (30) days of acquiring such an interest, Defendants will notify counsel for the United States of the nature of their interest in the

dwelling or property; the address of the property; the number of individual dwelling units at the property; and any other information required under this Order.  Defendants will further provide the United States with copies of official documents certifying the transfer in interest of the property.

11.     If, prior to the effective date or at any time during the effective period of this Order, Defendants sell or transfer any residential rental property in which either Defendant has an ownership interest, or any property covered by Paragraph 10, to a bona fide, independent third-party purchaser in an arms-length transaction, such property will cease to be subject to this Order.  For purposes of this Order, a "bona fide, independent third-party purchaser" is one with whom no Defendant in this action has any current or past financial, contractual, personal, or familial relationship.  An "arms-length transaction" is one that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction.  A corporation or entity for which any Defendant is an officer, partner, employee, or agent, or in which any Defendant has an ownership, financial or controlling interest, is not a "bona fide, independent third-party purchaser," and any transaction involving such a purchaser will not qualify as an "arms-length transaction."

12.     If, at any time during the effective period of this Order, Defendants claim that their obligations under this Order have been terminated or changed because they sold or transferred one or more residential rental properties to a bona fide, independent third-party purchaser in an arms-length transaction as defined in Paragraph 11, Defendants will inform the United States within thirty (30) days of such transaction and provide the date of the sale or

transfer, copies of official documents certifying the sale or transfer, and contact information for the subsequent purchaser.

13.     If any transfer of interest in all or a portion of any residential rental property by Defendants is not an arms-length transaction as defined in Paragraph 11, Defendants will remain liable for any violation of this Order related in any way to that property.

## V.     EDUCATIONAL PROGRAM

14.     Within one hundred twenty (120) days of the effective date of this Order, Defendants and their employees and their agents, including the Independent Manager described in Paragraph 7,[3] above, will attend training on the Fair Housing Act, including but not limited to the Act's provisions related to sexual harassment and other forms of sex discrimination, including discriminatory statements prohibited by the Act.  The trainer or training entity must be qualified to perform such training, and must be unconnected to Defendants, their employees, agents, or counsel.  The trainer and training agenda must be approved in advance by the United States.  The training may be a live training provided by streaming or video service.  The training shall be video-taped or recorded for viewing by future employees or agents involved in rental activities on behalf of the Defendants.  Defendants will bear the cost of any expenses associated with this training.

15.     Defendants will obtain from the trainer or training entity a separate certificate of attendance signed by each individual who attended the training.  The certificates shall include the name of the course, the date the course was taken, the subject matter covered in the course, and the length of the course and/or time within which the course was completed.

---

[3] If Defendants have complied with the provisions in Paragraph 4 and, accordingly, do not hire an Independent Manager until one hundred twenty (120) days from the effective date of the Consent Order, the Independent Manager may attend the training within fifteen (15) days of being hired.

16.     All agents or employees of Defendants hired after the training described in Paragraph 14 has occurred shall, within thirty (30) days of commencing an employment or agency relationship with any of the Defendants or the Independent Manager, be provided the training, or view a video recording of the training, described in Paragraph 14.

17.     Within ten (10) days of the effective date of this Order, all employees and agents of Defendants who are involved in any way in the operation of Defendants' rental business shall be given a copy of this Order and shall be provided an opportunity to have any related questions answered.

18.     Within ten (10) days of the commencement date of any new employee or agent who becomes involved in any way in the operation of Defendants' rental business, she or he shall be given a copy of this Order and shall be provided an opportunity to have any related questions answered.

## VI.     REPORTING AND DOCUMENT RETENTION REQUIREMENTS

19**.**     Within ten (10) days of the effective date of this Order, Defendants will send counsel for the United States a current tenant list, including contact information for each tenant. If Defendants fail to provide this list in the specified time, Paragraph 4 of this Order is void.

20.     Defendants shall provide to counsel for the United States notification and documentation of the following events:

    a.     Any change to Defendants' rules or practices regarding the written policy against sexual harassment or formal complaint procedure discussed in Paragraph 9.a, within five (5) days of the change;

    b.     Any change to the Independent Manager, in accordance with Paragraph 8;

11

c.  Notice of the acquisition of a direct or indirect management, ownership, financial, or controlling interest in any dwelling for rent, subject to Paragraph 10, or transfer of any dwelling, subject to Paragraph 11;

d.  Proof of completion of any training in accordance with Paragraphs 14 and 16, and certificates of attendance at the training described in Paragraph 15 and as reflected in Appendix A, within fifteen (15) days of such training;

e.  Any information indicating that Defendants, or any of their agents or employees, may be in violation of this Order within five (5) days of such knowledge; and

f.  Any written or oral complaint against either Defendant, or any of Defendants' agents or employees, regarding discrimination in housing within ten (10) days of receipt of such complaint by any Defendant or employee or agent of Defendants. With respect to oral complaints, each Defendant, or agent or employee of a Defendant, to whom a complaint is made shall maintain a log in which they record the name of the complainant; the address, telephone number, and email address, if available, of the complainant; the date the complaint was received; the name of Defendants' employee or agent who received the complaint; the name of Defendants' employee or agent who is the subject of the complaint; the name of the property involved in the complaint; and a general description of the complaint. Defendants shall provide this information to the United States within ten (10) days of receipt of the complaint.  If the complaint is written, Defendants shall also provide a copy of the written complaint to the United States.  Defendants shall inform the United States within fifteen (15) days of the substance of any resolution of such complaint.

21.     Within one hundred twenty (120) days of the effective date of this Order, and every six (6) months thereafter for the duration of this Order, Defendants shall deliver to counsel for the United States a report containing information about their compliance efforts during the preceding reporting period, including but not limited to:

    a.   Certification that the policy against sexual harassment and other forms of discrimination as well as the formal complaint procedure described in Paragraph 9.a have been implemented, or, in reports subsequent to the initial report, that such policy remains in effect;

    b.   Photographs of each office or location in which rental activity is conducted showing the "Equal Housing Opportunity" signs in the locations at which they are posted, including the date on which the photograph was taken, in accordance with Paragraph 9.c;

    c.   A list of all residential rental properties in which Defendants have a direct or indirect management, ownership, financial, or controlling interest;

    d.   Copies of any advertisements in the preceding six months, showing the advertisements are published in accordance with Paragraph 9.d; and

    e.   Written and sworn verification by Defendants that, during each reporting period, all property management responsibilities at any residential rental property owned and/or managed by either Defendant and any properties listed in response to Paragraph 20.c were performed by the Independent Manager or his or her designee, as required by Section III.

If Defendants do not own or manage any residential rental properties at the time this report is due, the report must so indicate. Defendants shall submit a final report to the United States no later than sixty (60) days before the expiration of this Order.

22.     Defendants shall preserve all records that are the source of, contain, or relate in any way to their obligations under this Order. Upon reasonable notice to counsel for Defendants, Defendants shall permit representatives of the United States to inspect and copy all such records at any and all reasonable times. If requested by the United States, Defendants shall provide the United States with copies of such documents.

## VII.   MONETARY DAMAGES AND OTHER RELIEF FOR AGGRIEVED PERSONS

23.     Defendants will pay a total of **one hundred and thirty-five thousand dollars ($135,000.00)** to the Aggrieved Persons.

24.     Within thirty (30) days of the effective date of this Order, the United States will provide Defendants with a list of Aggrieved Persons and the amount of damages that should be paid to each. Defendants will not contest, in this or any other proceeding, the United States' determinations regarding the Aggrieved Persons or their designated compensation.

25.     Within forty-five (45) days of the effective date of this Order, Defendants shall deliver to counsel for the United States a separate check payable to each Aggrieved Person for the designated amount by overnight delivery to:

Chief
c/o Orly May
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
150 M St. NE, 8th Floor
Washington, D.C. 20001
Re: DJ #175-28-41

14

26.     In no event shall the aggregate of all such checks exceed one hundred and thirty-five thousand dollars ($135,000.00).

27.     The requirement to pay damages under this Section is a debt within the meaning of 11 U.S.C. § 523(a)(6).  Accordingly, Defendants shall not seek to discharge any part of this debt in bankruptcy.

28.     When counsel for the United States has received a check from Defendants payable to an Aggrieved Person and a signed release in the form of Appendix B from the Aggrieved Person, counsel for the United States shall deliver the check to the Aggrieved Person and the original, signed release to counsel for Defendants.  No Aggrieved Person shall be paid until she has executed and delivered to counsel for the United States the release at Appendix B.

29.     In the event that any of the checks sent to the United States are not cashed, deposited, or otherwise negotiated within six (6) months of the date on which they were sent to the United States, Defendants agree to cancel any such checks and promptly issue new checks as requested by the United States to distribute any money remaining in the settlement fund on a pro rata basis to the other Aggrieved Persons.

## VIII.   CIVIL PENALTY

30.     Within thirty (30) days of the effective date of this Order, Defendant will pay $5,000 to the United States Treasury as a civil penalty under 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.  The payment will be in the form of an electronic funds transfer in accordance with written instructions to be provided by the United States.

31.     In the event that Defendants, their agents or employees engage in any future violation of the FHA, such violation(s) shall constitute a "subsequent violation" under 42 U.S.C. § 3614(d)(1)(C)(ii) and shall be subject to further penalties.

## IX.    ENFORCEMENT OF CONSENT ORDER

32.    This Order is effective immediately upon its entry by the Court. For purposes of this Order, "effective date" shall refer to the date on which the Court enters the Consent Order.

33.    The Court shall retain jurisdiction for the duration of this Order to enforce its terms, after which time the case shall be dismissed with prejudice.  This Order shall be in effect for a period of five (5) years from the date of its entry.  The United States may move the Court to extend the duration of the Order in the event of noncompliance with any of its terms, whether intentional or unintentional, or if it otherwise determines the interests of justice so require.

34.    The United States may review compliance with this Order at any time, including through conducting fair housing testing of Defendants and their properties.  Defendants agree to cooperate with the United States in any review of compliance.  Upon reasonable notice, Defendants will permit counsel for the United States to inspect and copy all non-privileged records pertinent to this Order.

35.    The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by Defendants to comply with any provision of this Order, or if the interests of justice so require, the United States may move this Court to impose any remedy authorized by law or equity.  Such remedies may include, but are not limited to, the issuance of an order requiring performance of such act or deeming such act to have been performed, and an award of damages, costs, and reasonable attorneys' fees that may have been occasioned by the violation or failure to perform.

## X.  TIME FOR PERFORMANCE AND MODIFICATIONS TO ORDER

36.     Any time limits for performance imposed by this Order may be extended by mutual written agreement of the Parties.  Any other modifications to the provisions of this Order must be approved by the Court.  Any party may move the Court to extend the term of this Order for good cause.

## XI.  COSTS OF LITIGATION

37.     Except as otherwise provided in Paragraph 35, the United States and Defendants will bear their own costs and attorneys' fees associated with this litigation.

## XII.   TERMINATION OF LITIGATION HOLD

38.     The Parties agree that, as of the effective date of this Order, litigation is not "reasonably foreseeable" concerning the matters described in this Order.  To the extent that any party has previously implemented a litigation hold to preserve documents, electronically-stored information ("ESI"), or things related to the matters described above, that party is no longer required to maintain such litigation hold.  Nothing in this paragraph relieves any party of any other obligations under this Order, including, inter alia, Defendants' obligations to preserve documents under Paragraphs 20, 21, 22, and 34.

**IT IS SO ORDERED** this _____ day of _____, 2022.


_____
United States District Judge

17

FOR THE UNITED STATES OF AMERICA:

Dated: _____ May 16 _____, 2022

RICHARD D. WESTPHAL
United States Attorney
Southern District of Iowa

*/s/ William Purdy*
WILLIAM PURDY
Assistant U.S. Attorney
United States Attorney's Office
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Telephone: (515) 473-9315
Facsimile: (515) 473-9282
Email: bill.purdy@usdoj.gov

Attorneys for Plaintiff
United States of America

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section

*/s/ Orly May*
CATHERINE A. BENDOR
Special Litigation Counsel
ORLY MAY, Lead Counsel
AMIE S. MURPHY
JENNA A. RADEN
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. – 4CON
Washington, D.C. 20530
Phone: (202) 353-1285
Fax: (202) 514-1116
E-mail: orly.may@usdoj.gov

FOR DEFENDANT:

Dated: _/May 13_____, 2022

JUAN GOITIA

908 BRIDGE COOPERATIVE
(by Juan Goitia)

MICHAEL J. MCCARTHY, AT0005154
McCarthy, Lammers & Hines, LLP
630 River Dr., Ste 100
Bettendorf, IA 52722
(563) 324-9117
(563) 324-8367 - Fax
Mjmccarthy@MLHLAWFIRM.com

**APPENDIX A**

**CERTIFICATION OF TRAINING AND RECEIPT OF CONSENT DECREE**

\_\_\_\_\_ I attended [an in-person training] [watched a video of training] on the federal Fair

Housing Act, which included training on the Act's provisions related to sex discrimination,

including sexual harassment, and race discrimination, including discriminatory statements

prohibited by the Act.  I have had all of my questions concerning these topics answered to my

satisfaction.

\_\_\_\_\_ I have also received a copy of the Consent Order entered in *United States v. Juan Goitia,*

*et al.*, Civil Action No. 3:20-cv-00056, filed in the United States District Court for the Southern

District of Iowa, Eastern Division.  I have read and understand the Consent Order and had an

opportunity to have my questions about the Order answered.  I understand my legal

responsibilities under the Consent Order and will comply with those responsibilities.  I further

understand that the Court may impose sanctions on the Defendants in the underlying lawsuit if I

violate any provision of the Order.


Name of the course:  _____

Date the course was taken:  _____

Length of the course (time within which the course was completed):  _____

    Date:  _____

    Employee/Agent Name (Print name and sign):  _____


    Employee/ Agent Signature:  _____

## APPENDIX B

## FULL AND FINAL RELEASE OF CLAIMS

   In consideration for the parties' agreement to the terms of the Consent Order entered into in the case of *United States v. Juan Goitia, et al.,* 3:20-cv-00056 (S.D. Iowa), and in consideration for the payment of $_____, I, _____, do hereby fully release and forever discharge the Defendants named in this lawsuit, as well as their insurers, attorneys, agents, employees, former employees, heirs, and executors from any and all fair housing claims based on the facts alleged in the Complaint in this lawsuit that I may have had against the Defendants for any of their actions or statements related to those claims through the date of the entry of the Consent Order.

    Executed this \_\_\_\_\_ day of _____, 202\_.

       _____
       Signature

       _____
       Print Name

       _____
       Home Address

       _____
       Home Address Continued